IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DOUGLAS LAYMAN,

        Plaintiff,

vs.                                            CIVIL NO. 04-778 MV/LFG

CITY OF ALBUQUERQUE et al.,

        Defendants.

## MEMORANDUM AND ORDER VACATING SETTLEMENT CONFERENCE

THIS MATTER is before the Court on Defendants' Unopposed Motion to Vacate a Fed. R. Civ. P. 16 settlement conference set for March 7, 2005 [Doc. 15].

Defendants succinctly state their reason for the request:

> Defendants state that Plaintiff's allegations of police misconduct fall squarely within the present administration's "no-settlement" policy, and accordingly, undersigned counsel has not been given authority to negotiate a settlement of this case.

(Motion, p. 1).

In 1990, Congress enacted the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* This Act had the two-pronged purpose of expediting the ultimate disposition of litigation and reducing costs. In enacting the CJRA, Congress directed that alternative dispute resolution methods be utilized by federal courts as a way of accomplishing the salutary purposes of the CJRA.

In conjunction with this congressional mandate, the District of New Mexico adopted a Civil Justice Expense and Delay Reduction Plan, which mandates settlement conferences in all "standard track" cases. The present lawsuit is a standard track case and a Rule 16 settlement conference therefore is mandatory.

The federal court's Rule 16 settlement program has been exceedingly effective. It affords the parties an opportunity to quickly, reasonably and economically resolve disputes and thereby avoid the risks, expenses and uncertainties of the trial process. This program is consistent with the Civil Justice Reform Act's two-pronged goals.

The City of Albuquerque adopted a policy of not considering settlement in any police misconduct case and therefore declines to participate in the Court's settlement process. This policy has been applied by the City to all police misconduct cases regardless of the evidence, facts or circumstances which gave rise to the lawsuit.

A court may not coerce settlement, Kothe v. Smith, 771 F.2d 667, 669 (2d Cir. 1985). Nor is the purpose of Rule 16 to impose settlement negotiations on unwilling litigants. Fed. R. Civ. P. 16 Advisory Committee Notes (1983)(while it is believed that providing a neutral forum for discussion may foster settlement, the Rule does not make settlement conferences mandatory because it would be a waste of time in many cases).

In this case, as in all police misconduct cases since the adoption of the policy, the City indicated that it will not consider settlement and has not authorized its attorney to engage in settlement discussions. A policy that refuses to consider settlement in a category of cases, regardless of the facts and circumstances, seems as imprudent as a policy that settles all cases. A more appropriate approach would be to evaluate each case on its individual merits. However, while the Court questions the wisdom of this "do not settle" policy, it is still the right of a party to decline settlement and proceed to litigation. Domann v. Vigil, CIV 99-192 LH/JHG (D.N.M. July 6, 2000). Compelling the parties to attend a settlement conference under the circumstances that exist would be a waste of judicial resources, counsel's time and litigants' money.

Accordingly, Defendants' motion to vacate the Rule 16 settlement conference [Doc. 15] is granted and the conference is hereby vacated.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge